

# THE ATTORNEY GENERAL
## OF TEXAS

February 28, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Terral Smith                    Opinion No.   JM-1024
Chairman
Natural Resources                         Re: Whether a commissioners
Texas House of Representatives            court   may   authorize   the
P. O. Box 2910                            creation of a single-county
Austin, Texas   78769                     underground water  district
                                          under section 52.022 of the
                                          Water Code   (RQ-1606)

Dear Representative Smith:

You ask:

> Under Subchapter B,  Chapter 52, Water  Code,
> is  the  Texas  Water  Commission  the   only
> governmental entity  that may  authorize  the
> creation of an underground water district  or
> may a  county,  in  the case  of  a  proposed
> single-county district,  authorize the  crea-
> tion  of  a  district  pursuant  to   Section
> 52.022, Water  Code,  and Chapter  51,  Water
> Code?

Chapter 52 of the Water Code provides for the  creation
and operation of  underground water conservation  districts.
Subchapter B  provides for  the creation  of such  districts
generally.

We conclude that the Texas Water Commission is the only
governmental body having jurisdiction  over the creation  of
an  underground  water  conservation  district  pursuant  to
subchapter B of chapter  52 of the  Water Code.   A  commis-
sioners court has no such authority.


Provisions  for  the  creation  of  underground    water
conservation districts  were first  adopted in  1949.    Acts
1949, 51st  Leg., ch.  306,  § 1, at  559.   The  1949  act's
provisions added new section 3c to the provisions of a  1925
act which had  provided for  the creation  and operation  of
water control and  improvement districts.    Acts 1925,  39th
Leg., ch. 25, § 1, at 86.

p. 5279

Subsection B of section 3c, added by the 1949 act, provided in part:

> Districts[1] may hereafter be created for the conservation, preservation, protection, and recharging and the prevention of waste of the underground water of an underground water reservoir or subdivision thereof, defined and designated in accordance with the provisions of Subsection C of this Section 3c. To accomplish these purposes pursuant to Section 59 a, b, and c, of Article XVI of the Constitution of Texas, <u>the administrative and procedural provisions as now or hereafter contained in Chapter 25, Acts of the Regular Session of the Thirty-ninth Legislature of the State of Texas, 1925, as amended, shall apply in so far as applicable to such Districts</u>, but such Districts shall not be organized for any purposes except those set forth in this Section 3c. (Emphasis and footnote notation added.)

The 1925 act had provided for the creation of water control and improvement districts pursuant to a petition of landowners. Acts 1925, 39th Leg., ch. 25, §§ 10-17, at 88-89. Section 18 of the 1925 act provided in part:

> The county commissioners' court shall have exclusive jurisdiction to hear, consider and determine all such petitions for organization in one county . . . .

Acts 1925, 39th Leg., ch. 25, § 18, at 89. Section 19 provided for the commissioners court granting such a petition if it appeared to it that the organization of the district was feasible and practicable and would benefit the included land or be "a public benefit, or utility."

Section 21 of the 1925 act provided in part:

> The State Board of Water Engineers shall have jurisdiction to hear and determine all petitions for organization of a district

---

1. "District" was defined in the 1949 act as "an Underground Water Conservation District which includes within its purposes and plans those functions authorized by the provisions of this Section 3c." Subsection A, section 3c.

> which included land in two or more
> counties. . . .
>
> Said board shall consider such petitions
> in the same manner and purpose herein provid-
> ed for consideration of petitions by the
> commissioners' court for formation of dis-
> tricts in one county.

Acts 1925, 39th Leg., ch. 25, § 21, at 90.

It appears that the above-quoted language of subsection B of section 3c added by the 1949 act contemplated that, as with the water control and improvement districts provided for in the 1925 act, the commissioners court would have jurisdiction over the formation of underground water conservation districts in one county, and the State Board of Water Engineers would have jurisdiction over the formation of such districts including territory of more than one county. Subsection C of the 1949 act provided specifically for the consideration of petitions for the formation of underground water conservation districts "by a Commissioners Court or the Board, as the case may be . . . ." Acts 1949, 51st Leg., ch. 306, § 1, at 561. See Attorney General Opinion V-1060 (1950).

In 1971, the provisions of the 1925 and 1945 acts were codified as chapters 51 and 52, respectively, of the Water Code. Codification was not intended to make any substantive changes in the state water laws. See Water Code § 1.001; Acts 1971, 62d Leg., ch. 58, § 1.001, at 110. The second sentence of subsection B of the 1949 act, quoted above, became the source of the section to which you refer in your request, section 52.022, which then provided:

> Except as otherwise provided by this sub-
> chapter, the provisions in Chapter 51 of this
> code for creating water control and improve-
> ment districts apply to the creation of un-
> derground water conservation districts to the
> extent that those provisions may be made ap-
> plicable.

(See, Revisor's Note to section 52.022.)

Chapter 51 carried forward the provisions of the 1925 act giving the commissioners court jurisdiction over the creation of water control and improvement districts in a

single county, and the Texas Water Rights Commission[2] jurisdiction over the creation of a district encompassing territory in two or more counties.   See §§ 51.016-51.022, 1971 Water Code.

Similarly, chapter 52 continued to provide for the considering and granting of petitions for the creation of underground water conservation districts by either a commissioners court or the Texas Water Rights Commission. See 1971 Water Code § 52.023 and §52.025 .  It thus appears that under the 1971 Water Code, the commissioners court had jurisdiction over the creation of an underground water conservation district encompassing land in only one county.

However, in 1973, the legislature amended chapter 52 to delete all references to the commissioners court's jurisdiction over the creation of underground water conservation districts.  Acts 1973, 63d Leg.,  ch. 598, §§ 1-5, at 1641. Section 52.022 was not amended at that time and continued to provide that "[e]xcept as otherwise provided by this subchapter, the provisions of Chapter 51 of this code for creating water control and improvement districts apply to the creation of underground water conservation districts to the extent that those provisions may be made applicable." But sections 52.023 and 52.025 were amended as follows in pertinent part:

> Section 52.023(a)
>
> ~~Neither t~~The commission ~~nor a commissioners court~~ may ~~not~~ consider a petition for the creation of a district unless the proposed boundaries of the district are coterminous with the boundaries of an underground water reservoir or a subdivision of an underground water reservoir, as previously designated by the commission.
>
> Section 52.025
>
> (a)   If the ~~commissioners court or the~~ commission finds that the district is feasible and practicable, that it would be a benefit to land in the district, and that it would be a public benefit or utility, the

---

2.  The duties of the Board of Water Engineers were transferred to the Texas Water Rights Commission in 1965. Acts 1965, 59th Leg., ch. 296, § 9, at 585.

> commissioners-court-or--the commission shall
> make these findings and grant the petition.
>
> (b)    If the commissioners-court--or--the
> commission finds that the district is feasi-
> ble and practicable, that it would not be a
> benefit to land in the district, that it
> would not be a public benefit or utility, or
> that it is not needed, the commissioners
> court-or-the commission shall refuse to grant
> the petition.

The bill analysis to the 1973 act (H.B. 935) states that the act "[g]ives the Water Rights Commission exclusive authority to create a district" and "[r]emoves from the local commissions [sic] court the authority to grant or refuse a petition for creation of a district."

Indeed the key provision in chapter 51 for the granting or refusing of a petition for creation of a district is expressly inapplicable to chapter 52 underground water conservation districts. Water Code § 51.021(d).[3]  Thus, even drawing on chapter 51 provisions for purposes of creation of a chapter 52 underground water conservation district, there is no provision for a commissioners court granting or refusing a petition for creation of such a district. Section 52.025, subsequent to the 1973 act, confers such authority only on the Texas Water Rights Commission or its successor the Texas Water Commission.[4]

A 1985 act substantially amended chapter 52. Acts 1985, 69th Leg., ch. 133, §§ 1-6, at 617. However, we find nothing in that act reinstating the authority of the commissioners court with respect to the creation of underground

---

3.  The provisions of subdivision (d) of section 51.021 first appeared in 1957. Acts 1957, 55th Leg., ch. 323, at 786. The 1957 act provided alternative procedures for the granting or refusing of a petition by a commissioners court or the Board of Water Engineers in connection with the creation of an underground water conservation district. At present, only section 52.025 provides for the granting or refusing of such a petition. Since the 1973 amendment, that section has conferred such authority only on the Texas Water Rights Commission or its successor, the Texas Water Commission.  See footnote 4, infra.

4.  A 1977 act created the Texas Water Commission as the successor to the Texas Water Rights Commission. Acts 1977, 65th Leg., ch. 870, § 9, at 2207.

water conservation districts under subchapter B of chapter 52. The act's amendment to section 52.022 was to specify that the chapter 51 provisions applied only to creation of underground water conservation districts under subchapter B or chapter 52, as the legislature added in the same bill a subchapter C providing for the creation of such districts in "critical areas." None of the provisions of subchapter B reference the commissioners court, in connection with creation or otherwise. The subchapter provides for the granting or refusing of a creation petition only by the commission. Water Code § 52.025.

Therefore, in response to your question, we conclude that the Texas Water Commission is the only governmental body having jurisdiction over the creation of an underground water conservation district pursuant to subchapter B of chapter 52 of the Water Code. A commissioners court has no such authority.

## S U M M A R Y

The Texas Water Commission is the only governmental body having jurisdiction over the creation of an underground water conservation district pursuant to subchapter B of chapter 52 of the Water Code. A commissioners court has no such authority.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General